**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No.  07-cv-01237-REB-MEH

LAURA MARTINEZ,

      Plaintiff,

v.

FRANCIS PARTCH,

      Defendant.

---

**ORDER GRANTING IN PART AND DENYING
IN PART DEFENDANT'S MOTION TO DISMISS**

---

**Blackburn, J.**

      The matter before me is defendant's **Motion To Dismiss** [#6], filed June 29,

2007.  I grant the motion with respect to plaintiff's state and federal housing

discrimination claims and deny it with respect to plaintiff's claims under 42 U.S.C. §

1981.

## I.  JURISDICTION

      I have subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal

question).

## II.  STANDARD OF REVIEW

      When ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), I must

determine whether the allegations of the complaint are sufficient to state a claim within

the meaning of Fed.R.Civ.P. 8(a).  I must accept all well-pleaded allegations of the

complaint as true.  ***McDonald v. Kinder-Morgan, Inc.***, 287 F.3d 992, 997 (10th Cir.

2002).  "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993); *see also Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), *cert. denied*, 123 S.Ct. 1908 (2003).  I review the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'"  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, – U.S. –, 127 S.Ct. 1955, 1969, 1974,167 L.Ed.2d 929 (2007)).  "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  *Id.* (emphases in original).[1]

## III.  ANALYSIS

Plaintiff is a Mexican citizen who resides in Gunnison, Colorado.  In March, 2007, she applied for tenancy at the Twin Pines Mobile Home Park, intending to purchase a mobile home from a then-current resident.  In order to live in Twin Pines,

---

[1] Until recently, the standard of review for a motion under Rule 12(b)(6) was whether "'it appear[ed] beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).  The Tenth Circuit has noted that the relationship between the standard announced in *Bell Atlantic Corp.* and the Supreme Court's contemporaneous decision in *Erickson v. Pardus*, – U.S. –, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007), which upheld the notice pleading standards of Rule 8(a)(2), is not entirely clear.  *See Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 n.2 (10th Cir. 2007).  Nevertheless, my decision with respect to the instant motion would be the same under either the *Conley v. Gibson* "no set of facts" standard or the *Bell Atlantic Corp.* plausibility standard.  *See id.*

however, plaintiff was required to rent a lot. To that end, plaintiff submitted a rental application to defendant on March 29, 2007. The application contained an item specifically asking whether the applicant was a United States citizen. Plaintiff claims defendant denied her rental application solely on the basis that she was not a citizen. She has filed claims under 42 U.S.C. § 1981, the Fair Housing Act ("FHA"), 42 U.S.C. § 3604(a), and the Colorado Fair Housing Act ("CFHA"), § 24-34-502(1)(a), C.R.S. Defendant has moved to dismiss all three causes of action for failure to state claims on which relief may be granted.

As an initial matter, I find that although the complaint makes passing reference in several instances to the fact that plaintiff is a brown-skinned, Hispanic woman of Mexican descent, it is clear that the gravamen of her claims is the allegation that defendant discriminated against her based on her citizenship status. There is no allegation that defendant ever inquired as to plaintiff's country of origin or had any way of knowing the color of her skin. Indeed, the complaint does not even allege that defendant ever met plaintiff in person. Thus, the conclusory allusions to plaintiff's other protected characteristics, unsupported by any concrete factual averments, are insufficient to expand the scope of plaintiff's claims beyond her allegation of discrimination based on citizenship.

For this reason, plaintiff has failed to state claims for relief under the FHA or the CFHA. The FHA makes it unlawful to refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex,

familial status, or national origin.  42 U.S.C. § 3604(a).  It does not prohibit discrimination on the basis of citizenship.  ***See Corwin v. B'Nai B'Rith Senior Citizen Housing, Inc.***, 489 F.Supp.2d 405, 409 (D. Del. 2007) (relying on ***Espinoza v. Farah Manufacturing Co.***, 414 U.S. 86, 94 S.Ct. 334, 38 L.Ed.2d 287 (1973) ,[2] to deny FHA claim based on citizenship status); ***Espinoza v. Hillwood Square Mutual Association***, 522 F.Supp. 559, 567-68 (D. Va. 1981) (same).  ***See also Mountain Side Mobile Estates Partnership v. Secretary of Housing and Urban Development*** 56 F.3d 1243, 1251 (10th Cir. 1995) ("We look to Title VII employment discrimination cases for guidance with regard to Title VIII housing discrimination claims.").  The CFHA is interpreted in accordance with the federal statute.  ***May v. Colorado Civil Rights Commission***, 43 P.3d 750, 756 (Colo. App. 2002); ***Boulder Meadows v. Saville***, 2 P.3d 131, 136 (Colo. App. 2000).

Plaintiff candidly acknowledges that her housing discrimination claims have no traction based purely on allegations of alienage discrimination.  Although she attempts to avoid this obstacle by reference to dicta in ***Espinoza*** acknowledging that citizenship discrimination might in certain instances be merely a facade for national origin discrimination, ***Espinoza***, 94 S.Ct. at 338, no reasonable reading of the non-conclusory allegations of her complaint states a plausible set of facts supporting a claim of nation

---

[2] ***See Espinoza v. Farah Manufacturing Co.***, 414 U.S. 86, 88, 89, 94 S.Ct. 334, 336, 337, 38 L.Ed.2d 287 (1973) (finding in context of Title VII action that national origin refers to "country where a person was born, or, more broadly, the country from which his or her ancestors came," and therefore "Congress did not intend the term 'national origin' to embrace citizenship requirements").

4

origin discrimination.[3]  Defendant's motion as to plaintiff's claims under the FHA and the CFHA therefore should be granted.

By contrast, I find and conclude that plaintiff's claims of alienage discrimination are viable under section 1981.[4]  Although defendant argues that the Tenth Circuit has never considered whether alienage discrimination is within the purview of the statue, that fact is irrelevant, as the United States Supreme Court long ago confirmed that section 1981 does reach such discrimination.  *Torao Takahashi v. Fish and Game Commission*, 334 U.S. 410, 420, 68 S.Ct. 1138, 1143, 92 L.Ed. 1478 (1948).  It therefore is not surprising that the numerous other federal courts that have considered the specific issue presented here have been nearly unanimous in holding that section 1981 encompasses claims of citizenship discrimination.  *See, e.g.*, *Sagana v. Tenorio*, 384 F.3d 731, 737-40 (9th Cir. 2004), *cert. denied*, 125 S.Ct. 1313 (2005); *Anderson v. Conboy*, 156 F.3d 167, 169-180 (2nd Cir. 1998), *cert. dismissed*, 119 S.Ct. 2418 (1999); *Duane v. GEICO*, 37 F.3d 1036, 1040-43 (4th Cir. 1994), *cert. dismissed*, 115

---

[3]  In her response, plaintiff asks to amend her complaint if it is found insufficient to state a claim of national origin discrimination under the federal and Colorado state fair housing laws.  Under the local rules of this district, a motion may not be contained within the body of a response or reply brief.  **D.C.COLO.LCivR**. 7.1C.  The request therefore is not appropriately before me.

[4]  The statute provides, in relevant part,

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . .

42 U.S.C. § 1981(a).

S.Ct. 2272 (1995); ***Chellen v. John Pickle Co.***, 446 F.Supp.2d 1247, 1286 (N.D. Okla. 2006); ***Chacko v. Texas A & M University***, 960 F.Supp. 1180, 1190-91 (S.D. Tex. 1997), ***aff'd***, 1998 WL 413815 (5th Cir. June 17, 1998). ***See generally Developments in the Law – Immigration Policy and the Rights of Aliens***, 96 HARV. L. REV. 1400, 1427 & n. 194 (1983) (collecting cases).[5] Accordingly, plaintiff has stated a plausible claim under section 1981, and defendant's motion to dismiss that claim must be denied.

    **THEREFORE, IT IS ORDERED** as follows:

    1. That defendant's **Motion To Dismiss** [#6], filed June 29, 2007, is **GRANTED IN PART** and **DENIED IN PART**:

        a. That the motion is **GRANTED** with respect to the Second Cause of Action for Violation of the Fair Housing Act, 42 U.S.C. § 3604(a), as well as the Third Cause of Action for Violation of Colo. Rev. Stat. § 24-34-502(1)(a) (2003), as stated in plaintiff's **Complaint and Jury Demand** [#1], filed June 13, 2007, and those claims are **DISMISSED WITHOUT PREJUDICE**; and

---

[5] Prior to the 1991 amendments to the Civil Rights Act, the only point of difference between the courts was whether section 1981 prohibited only governmental discrimination on the basis of alienage or rather whether that prohibition likewise extended to private discrimination based on alienage as well. ***Compare Bhandari v. First National Bank of Commerce,*** 829 F.2d 1343, 1349-52 (5th Cir. 1987) (en banc) (holding that section 1981 prohibition of alienage discrimination under color of law does not extend to discrimination by private actors), ***vacated and remanded for further consideration in light of Patterson v. McLean Credit Union, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989)***, 109 S.Ct. 3207 (1989), ***reaffirmed on remand***, 887 F.2d 609 (5th Cir. 1989) (per curiam), ***cert. denied***, 110 S.Ct. 1539 (1990), ***with Espinoza***, 522 F.Supp. at 561-64 (finding that section 1981 reaches purely private alienage discrimination). Because the post-1991 language of the statute clearly extends the reach of section 1981 to both private and governmental action, ***see*** 42 U.S.C. § 1981(c), there can be little question that plaintiff can allege a cause of action for alienage discrimination thereunder.

b.  That the motion is **DENIED** otherwise.

Dated January 9, 2008, at Denver, Colorado.

                                   **BY THE COURT:**

                                   **s/ Robert E. Blackburn**
                                   **Robert E. Blackburn**
                                   **United States District Judge**